IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR409-166 |
| | ) | |
| BENJAMIN SHEFTALL EICHHOLZ, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Defendant Benjamin Sheftall Eichholz's[1] Motion to Transfer Venue to the Northern District of Georgia pursuant to Federal Rule of Criminal Procedure 21(a). (Doc. 30.) In the Motion, Defendant asks this Court to transfer venue due to "prevalent and overwhelming prejudice against Mr. Eichholz in the Southern and Middle Districts of Georgia." (Id. at 1.) The Government has responded in opposition, contending that Defendant Eichholz cannot meet the burden of establishing prejudice in this case. (Doc. 36.)

Federal Rule of Criminal Procedure 21(a) provides that:

> Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there.

---
[1] Defendant was indicted on August 5, 2009. (Doc. 1.) The indictment charged Defendant with seventy-seven counts of embezzlement, false statements, mail fraud, obstruction, and money laundering. (Id.)

Defendant's argument specifically relies on the presumption of prejudice analysis set forth in United States v. Campa, 459 F.3d 1121 (11th Cir. 2006). In that case, the Eleventh Circuit Court of Appeals explained that:

> A district court must presume that so great a prejudice exists against the defendant as to require a change of venue under Rule 21 if the defendant shows: (1) that widespread, pervasive prejudice against him and prejudicial pretrial publicity saturates the community where he is to be tried and (2) that there is a reasonable certainty that such prejudice will prevent him from obtaining a fair trial by an impartial jury.

Id. at 1143. The presumption of prejudice is "rarely applicable and is reserved for an extreme situation." Id. Where the pretrial publicity contains little more than factual summaries of the crime and investigation, the presumption of prejudice is inapplicable. Henyard v. McDonough, 459 F.3d 1217, 1242 (11th Cir. 2006). Further, "[t]he burden placed upon the defendant to show that pretrial publicity deprived him of his right to a fair trial before an impartial jury is an extremely heavy one." Campa, 459 F.3d at 1143; see also Coleman v. Kemp, 778 F.2d 1487, 1537 (11th Cir. 1985). Defendant advances three contentions: (1) that articles, blogs, and the comments thereto published in the wake of his indictment indicate pervasive prejudice, (2) that the aggressive advertising of Defendant's business has prejudiced the community against him, and (3) that

the Defendant's prior suspension from practice in this Court establishes prejudice against him.[2] (Doc. 30.)

Here, Defendant has not meet his burden. First, the articles Defendant points to are little more than factual summaries of the crime and investigation, often quoting portions of the indictment. (See Doc. 30, Exs. A, B, C, D, E, H, P, Q, S, T.) The fact that these articles often identify Defendant by his own commercials does not render them prejudicial. (Id.) Second, the blogs and comments Defendant points to are of little value. Indeed, at least one of the comments actually reflects a positive opinion of Eichholz, not a negative one. (Id., Ex. F ("I met mr.eichholz [sic] in person he appeared to be a fine man.i [sic] sure hope this is not true.")). Moreover, this Court has no way of knowing whether the few negative comments are reliable or broadly reflect the community's point of view. With respect to reliability, the comments are posted anonymously, meaning that anyone from Defendant, to his lawyers, to the Prosecutors, to normal members of the community could

---

[2] The material regarding Defendant's prior suspension from practice, now several years old, is irrelevant to the current inquiry. Indeed, the Eleventh Circuit has held that the inflammatory publicity must be "immediately" prior to trial to necessitate a change of venue. Heynard, 459 F.3d at 1242. Further, even ignoring the above temporal issue, the articles reporting the conduct were wholly factual in nature and were unlikely to excite a "wave of prejudice" at the time when they were published. (Doc. 30, Exs. Q, S.) Accordingly, the Court finds this argument unpersuasive and not worthy of further discussion.

3

have posted them.[3] With respect to the comments' reflection on the community's prejudice against Defendant, the comments reveal, at best, the scattered opinions of a few persons in a community of several hundred thousand. Accordingly, this evidence does not establish pervasive prejudice against Defendant. Henyard, 459 F.3d 1217, Campa, 459 F.3d 1121.

Defendant's contention with respect to his advertising is equally unpersuasive. When deciding upon a Rule 21(a) Motion, the Court must "distinguish between mere familiarity with petitioner or his past and an actual predisposition against him." Murphy v. Florida, 421 U.S. 794, 801 (1975). Presumably, when one advertises their services, they do so in a positive light. Nothing in the advertisements attached to the Motion suggests that Defendant has done otherwise. (Doc. 30, Exsnp . I, J, K, L, M, N, O.) Surely, Defendant cannot contend that his own advertisements were designed to predispose the community against him. Accordingly, this argument does not entitle Defendant to a transfer of venue either. See id.

Even considering Defendant's arguments together, it is plain that they do not rise to the level required for application of the presumption of prejudice. That is, this plainly is not a case where a "barrage of inflammatory

---

[3] The Court does not mean to suggest misconduct by Defendant or any of the attorneys in this case.

publicity" inspires a "huge wave of public passion." <u>Heynard</u>, 459 F.3d at 1242. Therefore, Defendant is not entitled to the presumption of prejudice. Accordingly, Defendant's Motion to Transfer Venue is **DENIED**.

SO ORDERED this 1ST day of October, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA