# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.      )<br>)<br>BENJAMIN SHEFTALL EICHHOLZ ) | Case No. CR409-166 |

## ORDER

This Court's local rules provide that all pretrial motions "shall be filed within ten (10) days of arraignment." L. Crim. R. 12.1. At the arraignment in this case, defendant orally moved for an extension of that deadline based upon the extensive nature of discovery and the complexity of the case. The Court granted the motion, giving defendant 60 days to file his pretrial motions and permitting the government 20 days to file any responses to defendant's motions. (Doc. 16.)

By virtue of Eleventh Circuit authority, the Court stated on the record that the additional time to file pretrial motions would "toll" the Speedy Trial Act clock. *See United States v. Mejia*, 82 F.3d 1032, 1035

(11th Cir. 1996) ("[T]he time given for filing pretrial motions is excluded under 18 U.S.C. § 3161(h)(1) because the time given is 'delay resulting from other proceedings concerning the defendant.'"); *see also United States v. Williams*, 197 F.3d 1091, 1093-95 (11th Cir. 1999) (holding that the time ordinarily allowed by a court for filing pretrial motions is not excludable; defendant must move for an extension to give rise to an excludable delay). While the rule followed by the Eleventh Circuit -- that additional time for pretrial motions granted upon a defendant's request is excludable under § 3161(h)(1) -- is ascribed to by the majority of courts that have considered the issue, some circuits have taken a different view. The circuit conflict is of such importance that the Supreme Court of the United States has recently granted certiorari to resolve the question. *United States v. Bloate*, 534 F.3d 893, 897 (8th Cir. 2008), *cert. granted*, 129 S. Ct. 1984 (U.S. Apr. 20, 2009) (No. 08-728) (briefed and orally argued but awaiting decision).

The Supreme Court's resolution of the issue (if adverse to the Eleventh Circuit position) could have significant consequences in this case, forcing the Court to conduct a trial at a time earlier than the parties may prefer. Consequently, the parties are **DIRECTED** to notify the

2

Court within 10 days of the date of this Order whether they believe that the case merits an "ends of justice" Speedy Trial Act clock continuance pursuant to 18 U.S.C. § 3161(h)(7)(A).[1]  If both parties do not seek such a continuance, the Court will notify the district judge that, depending upon the outcome of the *Bloate* case (and on the excludable delay attributed to any motions that may be filed before the pretrial motions deadline expires), this case may require trial earlier than anticipated to preserve defendant's right to a speedy trial.

**SO ORDERED** this  19th  day of October, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[1]  If the parties seek such a continuance, they must furnish detailed reasons for their request.