# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR409-166 |
| ) | |
| BENJAMIN SHEFTALL EICHHOLZ ) | |

## ORDER

On September 14, 2009, the Court ordered the government to produce discovery to the defendant in this criminal case far in excess of that required by the Federal Rules of Criminal Procedure. (Doc. 32.) Upon its timely compliance with that directive, the government filed a motion for reciprocal discovery from defendant. (Doc. 39.) That motion represents that although defendant has indicated that he possesses documentary evidence that refutes the indictment's allegations, he has failed to produce "a single document to the government." (*Id.* at 3.)

Defendant acknowledges that since he has requested and received Rule 16 disclosures from the government, he has a duty to provide reciprocal discovery, but he contends that he has yet to identify any Rule

16 materials[1] that he intends to use during his case-in-chief that are not already in the government's possession. (Doc. 54.) Thus, he suggests that he has no reciprocal discovery to produce at this time. He further suggests that since he did not make "his formal discovery request pursuant to Rule 16" until October 26, 2009, he is not obligated to make his reciprocal disclosures until "a later date."[2] Defendant does not propose any deadline or target date for making his disclosures and

---

[1] Defendant's response references only his duties under Rule 16 and omits any discussion of the government's request for early production of witness statements under Fed. R. Crim. P. 26.2. (Doc. 54 at 3-5.)

[2] Defendant suggests that he did not "open[] the door" for the government to demand reciprocal discovery until he filed his "formal request" for Rule 16 material on October 26, 2009. This argument is somewhat disingenuous. At the arraignment on August 27, the government agreed to produce -- without awaiting any motion from the defendant -- the bulk of its discovery, consisting of some 25,000 pages of documents. The government announced, however, that it was providing less than full "open file" disclosure in this case and would withhold the investigating agents' reports, grand jury transcripts, and other Jencks Act material until closer to the trial. Defendant objected, moving for an order directing the government to make "immediate disclosure" of these remaining materials. (Doc. 27.) Even though defendant's request exceeded the typical discovery demands contemplated by the federal rules, the Court granted defendant's motion and ordered the government to follow its traditional "open file" discovery policy in this case. (Doc. 32.) Defendant, therefore, has been the beneficiary of disclosures far beyond those required by Rule 16. The Court ordered those additional disclosures upon defendant's *request*. While not explicitly premised upon Rule 16, the Court concludes that defendant's request effectively triggered his reciprocal discovery obligations. For defendant to suggest otherwise exalts form over substance. What is sauce for the goose (defendant receiving discovery far exceeding what is required under the rules) is sauce for the gander (the government's entitlement to those disclosures that *are* required by the rules).

represents that he "is just beginning to consider documents and witnesses necessary to rebut the charges." (*Id.* at 2.)

This will not do. Defendant has asked for and received the most extensive discovery from the government, consisting of some 30,000 pages of documents. These documents include not only the "raw materials" of the government's case (*i.e.*, the financial records, business records, U.S. Department of Labor ERISA forms, etc.) but also the detailed reports generated by the investigating agents and the transcripts of the grand jury proceedings. Through these materials, the defendant has gained complete access to the government's investigative file, excepting only the mental impressions of government counsel. The agents' reports furnish a summary of what key witnesses have told the investigators, and the grand jury materials provide a preview of the government's theory of the case. The defendant is represented by numerous lawyers who have had ample time to peruse these materials. The Court is satisfied that defendant has a sufficient understanding of the government's case to formulate a comprehensive defense strategy.

The Court has the power to control the scope and timing of the disclosure of discovery information in a criminal case, as defendant

recognized in his motion seeking early access to the grand jury transcripts and agents' investigative reports. (Doc. 27 at 3.) Defendant sought early production of these materials by invoking "principles of fairness." (*Id.* at 1.) But fairness is not a one-way street that runs only in a defendant's direction. *See United States v. Nobles*, 422 U.S. 225, 223 (1975) (rejecting the notion "that the Fifth Amendment renders criminal discovery 'basically a one-way street'" and recognizing that the truth-finding process also imposes disclosure obligations upon a defendant). The Court will not allow trial by ambush in this case, with eleventh hour disclosures of materials that defendant knows very well will come into evidence in its case-in-chief.

Defendant is hereby DIRECTED to produce reciprocal discovery to the government no later than 30 days from the date of this Order. That disclosure shall include (1) documentary evidence (consisting of data in any form) and objects which defendant intends to use in its case-in-chief, but which was not included in the government's discovery disclosures, and (2) any witness statements (as defined in Fed. R. Crim. P. 26.2 (f)) that relate to the subject matter of any defense witness' testimony.

Defense counsel are reminded that the failure to comply with the

4

Court's discovery order may result in the exclusion of the undisclosed evidence, Fed. R. Crim. P. 16(d)(2), or the striking of a witness' testimony. The Supreme Court has upheld such sanctions on a number of occasions. *See Taylor v. Illinois*, 484 U.S. 400 (1988) (upholding a trial court's exclusion of a witness as a sanction for defense counsel's deliberate failure to identify the witness prior to trial, as required by local rule); *United States v. Nobles*, 422 U.S. at 241 (trial court properly excluded defense investigator's testimony as a sanction for defendant's failure to produce investigator's report relating to witness statements); *see also Michigan v. Lucas*, 500 U.S. 145 (1991) (preclusion of evidence offered by a rape defendant as a sanction for failing to give notice, within ten days of arraignment, of his intent to present evidence of the alleged rape victim's prior sexual conduct is permissible under the Sixth Amendment). The Eleventh Circuit, affirming a conviction obtained in this Court, has upheld the imposition of similar sanctions. *United States v. Dickerson*, 228 F. App'x 864, 2007 WL 1053512 (11th Cir. 2007) (defendant's failure to provide reciprocal discovery warranted exclusion of documents defendant sought to introduce into evidence at trial). The Supreme Court has further held that it is not unfair to hold a defendant

responsible for his lawyer's misconduct in failing to comply with his reciprocal discovery obligations, as a lawyer necessarily has "full authority to manage the conduct of the trial" and "the client must accept the consequences of the lawyer's decision" to disregard a court's order to produce discovery. *Taylor*, 484 U.S. at 417-18.

Defendant has asked for and received the most extensive discovery from the government, far beyond what the rules require and what most other defendants receive outside this District. Defendant has invoked "fairness" as a ground for demanding that the Court order the government to open its files. But both parties in a criminal case are entitled to a fair trial, and the Court will not permit defendant to gain a tactical advantage over the prosecution by shirking its reciprocal discovery obligations. This Court has previously precluded a defendant from introducing evidence as a sanction for a discovery violation. It will not hesitate to do so again.

**SO ORDERED** this 9th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA